**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, an employee benefit plan, and the BOARD OF TRUSTEES of the Greater St. Louis Construction Laborers Welfare Fund; CONSTRUCTION LABORERS PENSION TRUST OF GREATER ST. LOUIS, an employee benefit plan, and the BOARD OF TRUSTEES of the Construction Laborers Pension Trust of Greater St. Louis; ST. LOUIS VACATION FUND, an employee benefit plan, and the BOARD OF TRUSTEES of the St. Louis Vacation Fund; CONSTRUCTION LABORERS & CONTRACTORS TRAINING FUND OF EASTERN MISSOURI, an employee benefit plan, and the BOARD OF TRUSTEES of the Construction Laborers & Contractors Training Fund of Eastern Missouri; and LOCAL UNION NOS. 42-110, LABORERS INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO, labor organizations,<br><br>          Plaintiffs,<br><br>v.<br><br>ANDERSON & ANDERSON BACKHOE SERVICE/ DEMOLITION, LLC.,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)          Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Come now plaintiffs, by and through their attorneys, and for their cause of action against defendant state:

1.      Plaintiff, Greater St. Louis Construction Laborers Welfare Fund, hereinafter referred to as "the Welfare Fund", is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145.  Plaintiff Board of Trustees of the Welfare Fund is the Plan Sponsor of the Welfare Fund and is a fiduciary within the meaning of Sections 3(21)(A) and 502

of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

2.      Plaintiff Construction Laborers Pension Trust of Greater St. Louis, hereinafter referred to as "the Pension Trust," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145.  Plaintiff Board of Trustees of the Pension Fund is the Plan Sponsor of the Pension Fund and is a fiduciary within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

3.      Plaintiff, St. Louis Vacation Fund, hereinafter referred to as "the Vacation Fund," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145.  Plaintiff Board of Trustees of the Vacation Fund is the Plan Sponsor of the Vacation Fund and is a fiduciary within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

4.      Plaintiff, Construction Laborers & Contractors Training Fund of Eastern Missouri, hereinafter referred to as "the Training Fund" is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(1), (3), 1132 and 1145.  Plaintiff Board of Trustees of the Training Fund is the Plan Sponsor of the Training Fund is a fiduciary within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

5.  Local Unions Nos. 42 and 110, Laborers International Union of North America, AFL-CIO, hereinafter referred to as "the Union," are labor organizations representing employees in an industry affecting commerce within the meaning of Sections 2(4), (5), (6), and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §§152(4), (5), (6), and (7), and Section 301 of the Labor Management Relations Act of 1947, as amended 29 U.S.C. §185.

6.  Defendant Anderson & Anderson Backhoe Service/Demolition LLC, hereinafter referred to as "Defendant," is a Missouri limited liability corporation in good standing, with its office and its principal place of business located within this judicial district, and is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of ERISA, as amended, 29 U.S.C. §§1002(5), (11), (12), and 1145, and Sections 2(2), (6), and (7) of the LMRA, as amended, 29 U.S.C. §§152(2), (6), and (7).

7.  This Court has jurisdiction by reason of Sections 502(a)(3), (a)(3)(ii), and 515 of ERISA, as amended, §§1132(a)(3), (a)(3)(ii), and 1145, and Section 301(a) of the LMRA, as amended, 29 U.S.C. §185(a).

8.  At all times material, Defendant was bound by the provisions of a collective bargaining agreement ("CBA") requiring monthly payments to the Welfare, Pension, Vacation, and Training Funds and other non-ERISA funds in specified amounts and the submission of monthly report forms.  The CBA and the plans adopted by the Trustees of the Welfare, Pension, Vacation, and Training Funds also provide that the Trustees shall be permitted to perform a financial examination of Defendant's books and records, periodically, to insure that payments have been properly made in accordance with the terms of the CBA.

9.  The CBA referenced in paragraph 8 requires Defendant to pay liquidated damages of twenty percent (20%) on delinquent contributions.

10.     Defendant has failed to file its reports and pay its required fringe benefit contributions for the months of August 2019 to date.

11. The CBA referenced in paragraph 8 also provides that the plaintiffs shall be entitled to perform a financial examination of defendant's books and records periodically to ensure that employee benefit payments have been properly made in accordance with the terms of the agreement.

12. Despite repeated demands, defendant has failed to fully submit to such a financial examination.

13. It is impossible to know the full amount owed to the plaintiffs without a financial examination of the defendant's books and records, to which plaintiffs are contractually entitled.

14. Plaintiffs are entitled to recover interest, liquidated damages, costs, and reasonable attorneys' and accounting fees pursuant to Section 502(g) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(g), and pursuant to the terms of the collective bargaining agreement and the plans' trust agreements.

WHEREFORE, plaintiffs pray the Court as follows:

1.     For an interlocutory Order of Accounting requiring defendants to submit their books and records to an accountant selected by plaintiffs to determine the amounts owed to plaintiffs during the period of March 1, 2019 through the date of the Court's Order;

2.     For a judgment against defendant based upon amounts found owing by the Accounting, including, but not necessarily limited to, contributions, liquidated damages, and interest;

3.      For an Order requiring defendant to make payments in the future to the plaintiffs in accordance with the terms and provisions of the collective bargaining agreement, and such collective bargaining agreements as may be negotiated and executed in the future;

4.      For an Order requiring defendant to pay plaintiffs' reasonable attorneys' fees, accounting fees, and costs pursuant to 29 U.S.C. §1132(g);

5.      For such other and further relief as the Court may consider appropriate under the circumstances.

Respectfully submitted,

HAMMOND and SHINNERS, P.C.
13205 Manchester Rd., Suite 210
St. Louis, Missouri  63131
Phone: (314) 727-1015
Fax:     (314) 727-6804

/s/ Janine M. Martin _____
JANINE M. MARTIN, #46465

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 23, 2020, the foregoing was filed electronically with the Clerk of the Court and a copy was mailed by certified mail, return receipt requested to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C.  20013 and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, D.C.  20220.

/s/ Janine M. Martin